Filed in Open Court
4/7/08

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 08- |
| | ) | |
| JERROLD RICHARD, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorney, David L. Hall, Assistant United States Attorney for the District of Delaware, and the defendant, Jerrold Richard, by and through his attorney, Edmond D. Lyons, Jr., Esquire, the following agreement is hereby entered into by the respective parties:

1. The Defendant shall waive indictment and plead guilty in the United States District Court for the District of Delaware to Count One of an Information, which charges willfully subscribing a false personal (1040) income tax return for the calendar year 2004, in violation of 26 U.S.C. § 7206(1), which carries a maximum sentence of a term of imprisonment of three years, a fine of $250,000, one year of supervised release, a $100.00 special assessment, and the costs of prosecution, which the parties stipulate to be zero.

2. The Defendant understands that the elements of the offense to which he is pleading guilty are that: (1) the Defendant made and signed a Form 1040 tax return for the year 2004 that contained false information as to a material matter; (2) the Defendant knew the information was false; (3) the false statement was material; (4) the return contained a written declaration that it was being signed subject to the penalties of perjury; and (5) in filing the false return, the Defendant acted willfully.

3. The Defendant admits that he is in fact guilty of the offense described in paragraph 1. The Defendant agrees to file amended tax returns, prior to sentencing, for all tax years from 2001 through 2004.

4. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

5. The Defendant understands that the Government's view of the evidence, including any relevant conduct for the tax years 2001 through 2004, is that the amount of tax avoided is about $134,000. Defendant contends the amount of the tax avoided in this period is approximately $92,000. The Defendant and the United States stipulate and agree that the Sentencing Guidelines offense level is 16 pursuant to Guidelines Sections 2T1.1 and 2T4.1. Based on the defendant's actions to date, the United States recommends that the Court grant a three-level reduction in the base offense level for the defendant's affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1. The United States so agrees because the defendant has timely notified the authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Should the defendant perform any act inconsistent with affirmative

7. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

By: _____
David L. Hall
Assistant United States Attorney

_____
Edmond D. Lyons, Jr., Esquire
Attorney for Defendant

_____
Jerrold Richard
Defendant

Dated: 2/11/08

**AND NOW**, this 7th day of April, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
UNITED STATES DISTRICT JUDGE